UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DOUBLE TAKE ARCHERY, LLC, | § | No. 5:15-CV-602-DAE |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| OUT RAGE, | § | |
| | § | |
| Defendant. | § | |

ORDER GRANTING MOTION TO DISMISS

Before the Court is a Motion to Dismiss for Lack of Subject Matter Jurisdiction filed by Out Rage ("Defendant").  (Dkt. # 5.)  Pursuant to Local Rule CV-7(h), the Court finds this matter suitable for disposition without a hearing.  After careful consideration of the Motion and supporting memorandum,[1] the Court, for the reasons that follow, **GRANTS** the Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction.

BACKGROUND

This case arises out of a contract dispute between two companies engaged in the business of selling bows and arrows.  Double Take Archery, LLC

---

[1]  Double Take Archery, LLC did not file a response to the Motion to Dismiss.

("Plaintiff") and Defendant entered into an Asset Purchase Agreement ("APA").

(Dkt. # 1-1, Ex. A) on December 29, 2011.  ("Compl.," Dkt. # 1 ¶ 7.)

Under the APA, "Plaintiff sold to Defendant its assets relating to the

design, manufacture, and marketing of lighted nocks for arrows, crossbow bolts,

and related accessories for bow hunting and archery."  (Compl. ¶ 7.)  These assets

are called "Nockturnal Products."  (Id.)

The APA states in relevant part that:

> [d]uring the Commission Period,[2] [Defendant] shall pay to [Plaintiff]
> an amount equal to four percent (4%) of all net revenue . . . earned by
> [Defendant] from sales of Nockturnal Products ("the Commission
> Payment") . . . provided, however, that at any time in connection with
> a sale of the Nock Business to a bona fide, unaffiliated third-party
> purchaser in an arms-length transaction, [Defendant] may elect to pay
> [Plaintiff] $550,000 in lieu of such Commission Payment, such
> payment (the "Accelerated Payment") to be paid by the [Defendant] to
> the [Plaintiff] within three (3) business days following the closing of
> such sale[.]

(APA ¶ 1.8(a)(ii)) (emphasis in original.)

From 2011 through 2013, Defendant made its annual 4%

Commission Payment to Plaintiff as required under the APA.  (Compl.

¶ 12.)  On April 24, 2014 Feradyne Outdoors, LLC purchased Defendant

along with its Nockturnal Products business.  (Dkt. # 5 ¶ 4.)  Accordingly,

---

[2] "[T]he period commencing with the first business day following the Closing Date and ending on the earlier of (i) the tenth (10) anniversary of the Closing and (ii) the date the Company receives the Accelerated Payment."  (APA at 48.)

Defendant chose to exercise its right under Section 1.8(a)(ii) of the APA and made an Accelerated Payment of $550,000 to Plaintiff in lieu of continuing to make the Commission Payment.  (Compl. ¶ 12.)  Subsequently, Defendant stopped paying Plaintiff the 4% Commission Payment.  (Id.)

In April, 2015, Plaintiff demanded that Defendant pay the 4% Commission Payment based on the net revenue earned from the sale of Nockturnal products from January 1, 2014 through April 24, 2014, the date Feradyne Outdoors purchased Defendant.  (Compl. ¶ 13; "Krause Decl.," Dkt. # 5-1, Ex. A ¶ 3.)  Plaintiff concedes that the Accelerated Payment of $550,000 paid on April 24, 2014 eliminated the Defendant's obligation to pay the 4% Commission Payment *after* the sale, but alleges that it did not eliminate Defendant's contractual obligation to pay the 4% Commission Payment *before* the sale from January 1, 2014 to April 23, 2014.

Plaintiff filed suit in this Court on July 22, 2015 for breach of contract invoking this Court's diversity jurisdiction pursuant to 28 U.S.C. §1332(a)(1).  In its complaint, Plaintiff alleges that it is "unaware of the full extent of its actual damages . . . [h]owever, on information and belief . . .believes its actual damages to be in excess of $75,000."  (Compl. § 17.)

In lieu of an answer, Defendant filed the instant Motion before the Court to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for

failure to plead damages meeting the amount in controversy requirement.

(Dkt. # 5.)  Defendant argues that the amount in controversy is either $0 or

$27,894.80.  (Id. ¶ 1.)

## LEGAL STANDARD

U.S. District Courts are courts of limited jurisdiction.  Accordingly,

the power to adjudicate claims arises only when a statute or the Constitution

confers such authority.  Title 28 Section 1332, grants district courts original subject

matter jurisdiction over all civil actions between citizens of different States where

the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a). A party may

challenge the subject matter jurisdiction of a district court to hear a case by filing a

motion under Federal Rule of Civil Procedure 12(b)(1).  Fed. R. Civ. P 12(b)(1).

The party invoking federal diversity jurisdiction bears the burden of

establishing the facts necessary to show that the federal court has jurisdiction.

Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995); see also

Choice Inc. of Tex. v. Greenstein, 691 F.3d 710, 714 (5th Cir. 2012).  The Fifth

Circuit applies different burdens of proof on the party asserting jurisdiction

depending upon whether the complaint does or does not allege a specific dollar

amount.  Allen, 63 F.3d at 1335 (citing Gaitor v. Peninsular & Occidental S.S. Co.,

287 F.2d 252, 253-54 (5th Cir. 1961)).

In the first situation, where the party invoking diversity jurisdiction alleges a "sum certain that exceeds the requisite amount in controversy, that amount controls if made in good faith." Allen, 63 F.3d at 1335 (citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S.283, 288 (1938)).  In this situation, a court will have diversity subject-matter jurisdiction unless it "appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount." St. Paul Mercury, 303 U.S. at 289.  In making this determination, "the district court may look, not only to the face of the complaint, but to the proofs offered by the parties." U.S. Fire Ins. Co. v. Villegas, 242 F.3d 279, 283 (5th Cir. 2001); see also St. Paul Mercury, 303 U.S. at 289 ("[I]f, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount . . . the suit will be dismissed.")  Further, "bare allegations of [jurisdictional] facts have been held insufficient to invest a federal court with jurisdiction." St. Paul Reinsurance Co., Ltd. v. Greenberg, 123 F.3d 1250, 1253 (5th Cir. 1998).

The second situation arises where the party asserting diversity jurisdiction does not allege a sum certain in the complaint.  See St. Paul Reinsurance, 134 F.3d 1253 ("We have previously indicated, however, that this 'legal certainty' test has limited utility . . . when the plaintiff has alleged an indeterminate amount of damages.")  This situation most typically arises where a party seeks declaratory or injunctive relief.  See, e.g., Hartford Ins. Grp. v. Lou-

Con Inc., 293 F.3d 908, 910 (5th Cir. 2002).  In this type of situation, the Fifth

Circuit does not impose the legal certainty test, but instead requires the party

invoking jurisdiction to "prove by a preponderance of the evidence that the amount

in controversy exceeds [$75,000]."  Allen, 63 F.3d at 1335 (quoting De Aguilar v.

Boeing Co., 11 F.3d 55, 58 (5th Cir. 1993); see also Hartford Ins. Grp., 293 F.3d at

910.  To determine whether the party invoking diversity jurisdiction has met its

burden, the court follows a two-part test.  First, the court must "examine the

complaint to determine whether it is facially apparent that the claims exceed the

jurisdictional amount."  Hartford Ins. Grp. 293 F.3d at 910 (internal citations

omitted).   Second, if the amount in controversy is not apparent, then the court

"may rely on 'summary judgment' type evidence."  Id.  In examining such

evidence, "the jurisdictional facts must be adjudged as of the time the complaint is

filed."  Id.: Allen, 63 F.3d at 1335 ("[A]ny post-petition affidavits are allowable

only if relevant to that period of time.")

DISCUSSION

The Plaintiff is the party invoking this Court's diversity jurisdiction

because it filed the original complaint and thus bears the burden of proof.  Hartford

Ins. Grp. 293 F.3d at 910.  In the complaint, Plaintiff stated it "is unaware of the

full extent of its actual damages [but] on information and belief . . . believes its

actual damages to be in excess of $75,000."  (Compl. ¶ 17.)  Therefore, Plaintiff

6

has alleged a sum certain and accordingly, the appropriate analytical framework to determine the existence of subject matter jurisdiction is the legal certainty test. Villegas, 242 F.3d 283.

Here, Plaintiff alleges no jurisdictional facts on the face of the complaint to help the Court determine the amount in controversy. Plaintiff merely alleges that Defendant breached a contract by failing to pay the 4% Commission Payment due for the first four months of 2014. (Compl. ¶ 12.) However, Plaintiff pleads no facts that indicate to the Court the value of the 4% Commission Payment. Since "bare allegations of [jurisdictional] facts have been held insufficient to invest a federal court with jurisdiction," the total absence of facts is also insufficient to establish this Court's jurisdiction. Greenberg, 123 F.3d at 1253.

Further, Defendant offers substantial evidence that the amount in controversy is less than $75,000.[3] The Chief Executive Officer of Feradyne Outdoors, LLC (the parent company of Defendant) declares in an affidavit that the Plaintiff made a pre-litigation demand of $41,413.00; according to the Plaintiff this represented the 4% Commission Payment. (Krause Decl. ¶ 3.) Defendant also submits the final accounting balance sheet showing that the 4% Commission Payment accrued to Plaintiff at the date of the sale of Defendant to Feradyne was

---

[3] "[T]he district court may look, not only to the face of the complaint, but to the proofs offered by the parties." Villegas, 242 F.3d at 283.

only $27,894.80.  "Balance Sheet," Dkt. # 5-1, Ex. 2.)  Despite this evidence,

Plaintiff has failed to supplement its pleadings or respond to Defendant's Motion

to Dismiss.

    Accordingly, the Court finds "to a like certainty" that the Plaintiff is

not entitled to an amount in excess of $75,000 even if the Plaintiff's breach of

contract allegation is taken as true.  St. Paul Mercury, 303 U.S. at 289.

CONCLUSION

    For reasons mentioned above, the Court lacks subject matter

jurisdiction over the Plaintiff's claim and therefore **GRANTS** Defendant's Motion

to Dismiss for Lack of Subject Matter Jurisdiction.  (Dkt. #5.)  This matter is

**DISMISSED WITHOUT PREJUDICE**.

    **IT IS SO ORDERED**

    **DATED:** San Antonio, Texas, December 22, 2015.

_____

DAVID ALAN EZRA
UNITED STATES DISTRICT JUDGE